# CASES ADJUDGED IN UNITED STATES COURT OF CUSTOMS APPEALS

## MALONE *v.* UNITED STATES (No. 2492.)[1]

WOOL ON THE SKIN INCLUDES LAMBSKINS.

The provision of paragraph 1102, Tariff Act of 1922, for "Wools * * * on the skin" is as applicable to lambskins as to sheepskins. Accordingly, lambskins with the wool on, are not free under paragraph 1666, as "Skins of all kinds, raw * * *."

### United States Court of Customs Appeals, April 14, 1925

APPEAL from Board of United States General Appraisers, G. A. 8828 (T. D. 40306)

[Affirmed.]

*Comstock & Washburn* (*Geo. J. Puckhafer* of counsel) for appellant.
*William W. Hoppin,* Assistant Attorney General (*Charles D. Lawrence* and *Oscar Igstaedter,* special attorneys, of counsel), for the United States.

[Oral argument Mar. 26, 1925, by Mr. Puckhafer and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

The importation in this case is thus described by the appraiser: "The merchandise consists of lambskins with the wool on, not specially provided for, returned for duty at 30 cents per pound on the clean content under paragraph 1102, act of 1922." The importer claimed the merchandise to be free under paragraph 1666 or paragraph 1579 of said act. The Board of General Appraisers sustained the classification and the importer appeals.

No claim is made here under said paragraph 1579 and that ground of protest will therefore be considered as waived.

Said paragraphs 1102 and 1666 are as follows:

1102. Wools, not specially provided for, and hair of the Angora goat, Cashmere goat, alpaca, and other like animals, imported in the grease or washed, 31 cents per pound of clean content; imported in the scoured state, 31 cents per pound; imported on the skin, 30 cents per pound of clean content.
1666. Skins of all kinds, raw, and hides not specially provided for.

---

[1] T. D. 40845.

There does not seem to be any ambiguity about the statutory language just quoted. Under said paragraph 1102, if wools, not specially provided for, are imported on the skin, they shall be liable to a duty of 30 cents per pound of clean content. Such language would include wool, whether attached to the skin of a sheep or a lamb; no tariff distinction is claimed to have ever been made between sheep's wool and lamb's wool. Under paragraph 1666, skins of all kinds, raw, which, of course, would include both lamb and sheep skin, if not specially provided for, are free. Thus all sheep's wool and lamb's wool is dutiable and sheepskins and lambskins are free.

Appellant relies upon *Goat & Sheepskin Import Co.* v. *United States*, 5 Ct. Cust. Appls. 178, T. D. 34254. In that case both parties litigant assumed that the issue was whether the term "sheepskins with the wool on," in paragraph 676 of the tariff act of August 5, 1909, included lambskins; the court was passing upon the issue thus made. The said tariff act contained the following paragraphs:

370. On wools of the third class and on camel's hair of the third class the value whereof shall be twelve cents or less per pound, the duty shall be four cents per pound. On wools of the third class, and on camel's hair of the third class, the value whereof shall exceed twelve cents per pound, the duty shall be seven cents per pound.

371. The duty on wools on the skin shall be one cent less per pound than is imposed in this schedule on other wools of the same class and condition, the quantity and value to be ascertained under such rules as the Secretary of the Treasury may prescribe.

676. Skins of all kinds, raw (except sheepskins with the wool on), and hides not specially provided for in this section.

The court held that the evidence clearly showed that there was in trade and commerce a clear distinction between the meaning of the words "sheepskin" and "lambskin"; that this distinction had been retained in paragraph 451 of said tariff act, which paragraph in levying duties used the language, "sheep and goat skins (including lamb and kid skins)"; that because of this distinction, clearly indicated by the record and said paragraph 451, the word "sheepskins" in paragraph 676 did not include lambskins. That is as far as the case cited goes. It will also be observed that in the opinion filed in that case it is said (p. 179):

If the dutiable provisions, paragraphs 370 and 371, quoted supra, stood alone, unaffected by any other provisions of the tariff law, we might be justified in saying that the importation is in part at least of wool, that wool is made dutiable under these provisions, and therefore this merchandise should be accordingly rated for dutiable purposes.

*Goat & Sheepskin Import Co.* v. *United States, supra*, is not in conflict with the judgment of the court below, and said judgment is *affirmed.*